UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BENITO BENITEZ TREJO,

      Petitioner,

     v.                             Case No.:  2:26-cv-01332-SPC-NPM

WARDEN OF FLORIDA SOFT
SIDE SOUTH *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are Benito Benitez Trejo's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 9), and Benitez Trejo's reply (Doc. 13).  For the below reasons, the Court grants the petition.

Benitez Trejo is a native and citizen of Mexico who entered the United States without inspection in 2014.  He applied for asylum in 2025, and he has no criminal history.  Benitez Trejo was involved with a vehicle accident on March 21, 2026, when an SUV struck his vehicle from behind.  Florida Highway Patrol responded to the accident, arrested Benitez Trejo based on his immigration status, and took him to Jackson County Jail.  Immigration and Customs Enforcement ("ICE") issued an immigration detainer and took him into custody.  He is currently detained at Alligator Alcatraz without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Benitez Trejo. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Benitez Trejo asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Benitez Trejo's detention is governed by § 1226(a), not § 1225(b)(2). *See Hernandez Alvarez v. Warden*, No. 25-24806 (11th Cir. May 6,

2

2026).  As a noncitizen detained under § 1226(a), Benitez Trejo has a right to a bond hearing.  *See id*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Benitez Trejo before an immigration judge for an individualized bond hearing within ten days or release him.  To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Benitez Trejo's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.  The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements.   But, to be clear, subjecting Benitez Trejo to mandatory detention under § 1225(b)(2) is unlawful.  If the respondents are unable to ensure Benitez Trejo receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

3

Benito Benitez Trejo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Benitez Trejo for an individualized bond hearing before an immigration judge or (2) release Benitez Trejo under reasonable conditions of supervision.  If the respondents release Benitez Trejo, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 8, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

4